UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-3536(DSD/JSM)

Eslam Ibrahim El-Dessouki,

       Petitioner,

v.                                                    **ORDER**

Mark Cangemi, District
Director, U.S. Immigration &
Customs Enforcement (ICE).
Michael Chertoff, Secretary,
Department of Homeland Security,
and Alberto Gonzales, United States
Attorney General,

       Respondents.


This matter is before the court upon a petition for a writ of habeas corpus relief pursuant to 28 U.S.C. § 2241. For the reasons that follow, the court dismisses the § 2241 petition in part and denies the § 2241 petition in part.


**BACKGROUND**

Petitioner Eslam Ibrahim El Dessouki brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his detention by respondents Mark Cangemi, District Director of the United States Immigration and Customs Enforcement ("ICE"), Michael Chertoff, Secretary of the Department of Homeland Security, and Alberto Gonzales, United States Attorney General. Following a bond redetermination hearing, Immigration Judge Joseph R. Dierkes ordered petitioner released on a $7,500

bond pending his removal proceedings.  ICE filed a notice of its intent to appeal the immigration judge's bond redetermination, invoking the automatic stay provision set forth at 8 C.F.R. § 1003.19(i)(2).[1]  Petitioner's release from custody was automatically stayed, and he filed this action to challenge the constitutionality of the automatic stay provision.

Petitioner is a native and citizen of Egypt who entered the United States on July 29, 2006.  Petitioner was admitted to the United States as a nonimmigrant student pursuant to an F-1 visa for the purpose of attending a thirty-day intensive English program at Montana State University in Bozeman, Montana.  Petitioner did not arrive at the university, and his student status was terminated on August 3, 2006.  On August 9, ICE issued petitioner a Notice to

---

[1] The automatic stay provision, 8 C.F.R. § 1003.19 (i)(2), provides:

> Automatic stay in certain cases.  In any case in which the district director has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon [ICE's] filing of a Notice of Service Intent to Appeal Custody Redetermination (Form EOIR-43) with the immigration court within one business day of the issuance of the order, and shall remain in abeyance pending decision of the appeal by the Board of Immigration Appeals.... If the Board authorizes release (on bond or otherwise), that order shall be automatically stayed for five business days. If, within that five-day period, the Commissioner certifies the Board's custody order to the Attorney General pursuant to § 1003.1(h)(1) of this chapter, the Board's order shall continue to be stayed pending the decision of the Attorney General.

Appear and charged him with being deportable for (1) failing to comply with the conditions of his nonimmigrant status, (2) remaining in the United States for a time longer than permitted and (3) being within a class of aliens inadmissible by law at the time of his entry, all in violation of § 237(a)(1) of the Immigration and Nationality Act. (AR at 1-4.) That same day, ICE issued a warrant for petitioner's arrest and, upon his arrest, ordered his detention pending an immigration judge's determination of the removal charges against him. (AR at 5-6.)

Petitioner requested a redetermination of his custody status. On August 15, 2006, the immigration judge conducted a two-hour bond redetermination hearing and granted petitioner's request for a change in custody status. Specifically, the immigration judge determined that petitioner does not present a flight risk or a threat to national security and ordered his release on a $7,500 bond. (AR at 56, 63-66.) That same day, ICE filed a notice of its intent to appeal the custody redetermination, and petitioner's release from custody was automatically stayed pursuant to 8 C.F.R. § 1003.19(i)(2). (AR at 57.) On August 25, ICE timely appealed the immigration judge's custody redetermination to the Board of Immigration Appeals ("BIA"). (AR at 58-62.)

On August 31, petitioner filed this action arguing that his detention under the automatic stay provision violates his Fifth Amendment right to substantive and procedural due process, that 8

C.F.R. § 1003.19(i)(2) was promulgated in violation of the Administrative Procedure Act and that its promulgation was ultra vires because the Attorney General exceeded his authority, as set forth by Congress at 8 U.S.C. § 1236(a) and (c).

On September 7, 2006, the court held an emergency hearing on the § 2241 petition, heard oral arguments and established expedited deadlines to allow both sides to file supplemental responses. On September 11, ICE moved the BIA for an emergency stay of execution of the immigration judge's custody redetermination, pursuant to 8 C.F.R. § 1003.19(i)(1), and concurrently filed a notice of withdrawal of the automatic stay invoked pursuant to 8 C.F.R. § 1003.19(i)(2). (See Supp. Resp. Ex. 2.) On September 12, the BIA granted ICE's motion for a stay of execution based upon the submissions of the parties and issued an emergency stay of the immigration judge's custody redetermination order. (Id. Ex. 3.) As a result, petitioner is currently in custody pursuant to 8 C.F.R. § 1003.19(i)(1).[2] On September 21, the immigration judge ordered petitioner removed from the United States.

---

[2] The emergency stay provision, 8 C.F.R. § 1003.19(i)(1), provides:

> General emergency stay authority. The Board of Immigration Appeals (Board) has the authority to stay the order of an immigration judge redetermining the condition of custody of an alien when [ICE] appeals the custody decision. The service is entitled to seek an emergency stay for the Board in connection with such an appeal at any time.

**DISCUSSION**

Respondents argue that because petitioner is being detained pursuant to 8 C.F.R. § 1003.19(i)(1), his petition for habeas corpus relief challenging the constitutionality of 8 C.F.R. § 1003.19(i)(2) is moot. The court agrees. Pursuant to 28 U.S.C. § 2241(c)(3), the court has jurisdiction over a habeas corpus petition that alleges a petitioner is in custody in violation of the laws or Constitution of the United States. However, Article III of the United States Constitution limits the jurisdiction of the court to actual cases and controversies. Ali v. Cangemi, 419 F.3d 722, 723 (8th Cir. 2005) (citing U.S. Const. art. III, § 2 cl. 1.) If during the course of litigation the issues presented "lose their life because of the passage of time or a change in circumstances" and the court is no longer able to grant effective relief, the case becomes moot. Id. (internal quotations omitted). Once moot, the court must dismiss the case for lack of Article III jurisdiction. Id. at 724.

In the § 2241 petition, petitioner challenges only the constitutionality of § 1003.19(i)(2). Petitioner is no longer being detained pursuant to that regulation, and a determination of its constitutionality would constitute an advisory opinion without effect. Therefore, because the BIA issued an emergency stay pursuant to § 1003.19(i)(1) and ICE withdrew the automatic stay pursuant to § 1003.19(i)(2), this § 2241 petition is moot to the

extent petitioner challenges his detention pursuant to § 1003.19(i)(2).  Cf. McAlpine v. Ridge, No. Civ.A.3:04-CV-01236G, 2004 WL 2389448, at *4-5 (N.D. Tex. Oct. 24, 2004) (constitutional challenge to § 1003.19(i)(2) rendered moot once petitioner was determined to be removable because statutory provisions governing detention changed).

In his supplemental response, petitioner now argues that the BIA violated his constitutional rights when it granted ICE's motion for a stay of execution pursuant to § 1003.19(i)(1).[3]  To the extent petitioner challenges his custody under § 1003.19(i)(1) his § 2241 petition is not moot.  However, petitioner offers no legal authority to support his cursory challenge to the constitutionality of his current custody.  Rather, in his supplemental response he incorporates by reference his constitutional challenges to § 1003.19(i)(2) and asks the court to address those challenges as they relate to § 1003.19(i)(1).  As an initial matter, petitioner's argument is belied by his own contention in the § 2241 petition that an emergency stay pursuant to § 1003.19(i)(1) is a valid procedure available to ICE to effect a stay of an immigration

---

[3] Petitioner also challenges the propriety of ICE's invocation of the automatic stay, as opposed to the emergency stay, in the first instance as well as the timing of its subsequent motion for an emergency stay.  However, the court's habeas jurisdiction does not reach so far as to permit the court to review prosecutorial decisions that are within the attorney general's discretion.  Latu v. Ashcroft, 375 F.3d 1013, 1019 (10th Cir. 2004).

judge's bond redetermination because the regulation incorporates review of an impartial arbiter, the BIA, and as a result is narrowly tailored. (See Pet. at 15, 22-23.) Moreover, for the reasons that follow, the court concludes that petitioner's current detention pursuant to § 1003.19(i)(1) does not violate the Fifth Amendment.[4]

As to petitioner's right to procedural due process, the "fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). To determine whether petitioner's procedural due process rights have been violated the court considers the nature of the private interest affected by governmental action, the risk of erroneous deprivation of that interest and the government's interest in using current procedures, coupled with the probable value of additional or substitute safeguards. Id. at 335. In this case, the BIA afforded petitioner a meaningful opportunity to be heard. On September 12, petitioner filed a response to ICE's motion and a copy of his § 2241 petition before the BIA rendered its opinion. Unlike the unilateral deprivation of liberty that can result from invocation of the automatic stay provision of § 1003.19(i)(2), the BIA reviewed the

---

[4] Petitioner's arguments in the § 2241 petition that are based upon the Administrative Procedure Act are devoid of merit as they relate to 8 C.F.R. § 1003.19(i)(1). Therefore, the court does not address those arguments.

7

particular circumstances of petitioner's case and the merits of ICE's request and determined that an emergency stay is warranted under the circumstances. Petitioner's disagreement with the BIA's expeditious resolution of ICE's motion in ICE's favor does not rise to a level of a violation of his right to procedural due process. See Pisciotta v. Ashcroft, 311 F. Supp. 2d 445, 455 (D.N.J. 2004). In light of the factors set forth at Mathews v. Eldridge, the court concludes that the BIA's execution of the emergency stay did not violate petitioner's right to procedural due process. See 424 U.S. at 335.

As to petitioner's substantive due process rights, it is undisputed that an alien's freedom from imprisonment "lies at the heart of the liberty that the substantive due process clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). However, "[d]etention during removal proceedings is a constitutionally permissible part of that process." Demore v. Kim, 533 U.S. 510, 531 (2003). The government's detention of an alien during a civil deportation proceeding does not violate substantive due process if a "special justification ... outweighs the individual's constitutionally protected interest in avoiding physical restraint." Zadvydas, 533 U.S. at 690; see also Washington v. Glucksberg, 521 U.S. 702, 720-21 (1997) (government cannot infringe upon a fundamental liberty interest unless the infringement is narrowly tailored to serve a compelling state interest). The

8

liberty interest at issue in this case is narrow: petitioner's right to be released on bond pending the BIA's review of the immigration judge's bond redetermination.  The court finds that such a finite period of detention to allow the BIA an opportunity to review the immigration judge's bond redetermination is a narrowly tailored procedure that serves the government's interest in preventing flight of aliens likely to be ordered removable and in protecting the community.  Therefore, the court concludes that petitioner's temporary detention pursuant to 8 C.F.R. § 1003.19(i)(1) pending ICE's appeal to the BIA does not violate his right to substantive due process.

For these reasons, petitioner's current detention does not violate his Fifth Amendment right to procedural and substantive due process.


**CONCLUSION**

Therefore, **IT IS HEREBY ORDERED** that:

1.   Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 [Doc. No. 1] is dismissed as moot to the extent he challenges the constitutionality of his detention pursuant to 8 C.F.R. § 1003.19(i)(2); and

2.   Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 [Doc. No. 1] is denied to the extent he challenges the constitutionality of his detention pursuant to 8 C.F.R. § 1003.19(i)(1).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 22, 2006

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court
